UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RON SATIJA, CHAPTER 7 § <br> TRUSTEE FOR THE § <br> BANKRUPTCY ESTATE OF DM § <br> DUKES & ASSOCIATES § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> EVANSTON INSURANCE § <br> COMPANY, § <br> *Defendant* § | No.  A-22-CV-00408-RP |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Defendant Evanston Insurance Company's motion to strike, Dkt. 8; and all related briefing. After reviewing the filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.   BACKGROUND

Plaintiff Ron Satija, acting as the Chapter 7 Trustee for the bankruptcy estate of DM Dukes & Associates ("DM Dukes"), filed this lawsuit arising from an insurance policy executed between DM Dukes and Defendant Evanston Insurance Company. Dkt. 1, at 2. Satija alleges that Winter Storm Uri caused extensive damage to the commercial property covered by the insurance policy, which DM Dukes timely reported to Evanston. *Id.* at 2-3. Despite presenting what Satija deems "more than a sufficient proof of loss," Evanston nonetheless failed to timely and adequately provide

1

payment to DM Dukes under the policy. *Id.* at 3. Satija brings claims against Evanston for breach of contract, bad faith claims adjusting, and negligent claims adjusting. *Id.* at 4.

In its answer, Evanston denies that DM Dukes had any active insurance policy in place for the commercial property during the relevant time frame and invokes a slew of affirmative defenses. Dkt. 6, at 3, 6-14. In its motion to strike, Evanston argues that Satija failed to provide it with 61-days' notice of either of its claims in the manner prescribed by Texas Insurance Code § 542A.003(b)(2). Dkt. 8, at 1. As such, Evanston claims that Satija may not recover any attorneys' fees incurred after May 20, 2022, the date Evanston filed its answer, and asks the Court to enter an order precluding Satija from any such recovery. *Id.* at 4-5. Satija did not respond to Evanston's motion.

## II. DISCUSSION

Texas Insurance Code section 542A.003 requires that a claimant provide notice to the insurer at least 61 days before filing suit. Notice must include "(1) a statement of acts or omissions giving rise to the claim; (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and (3) the amount of reasonable and necessary attorney's fees incurred by the claimant." Tex. Ins. Code § 542A.003(b). The purpose of the pre-suit notice requirement is to "discourage litigation and encourage settlements of consumer complaints by allowing the defendant-insurer a right and opportunity to make a settlement offer." *Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018) (quoting *Hines v. Hash*,

843 S.W.2d 464, 468 (Tex. 1992)). To prevail on a motion under Texas Insurance Code section 542A.007(d) to deny or limit an award of attorneys' fees to a plaintiff, a defendant must "plead and prove" [1] that it was entitled to but was not given pre-suit notice at least 61 days before the date the action was filed as required by section 542A.003. Tex. Ins. Code § 542A.007.

Here, Evanston pled in its answer and argued in its motion to strike that Satija "failed to provide pre-suit notice pursuant to Tex. Ins. Code § 542A.003(b)(2) at least sixty-one days before filing suit against Defendant on April 29, 2022." Dkts. 6, at 14; 8, at 2 ("Indeed, Defendant has no record of receiving any notice whatsoever of either of these claims."). Satija did not plead that he provided Evanston with the statutorily required notice, or that such notice was excused as impracticable under the statute. *See* Dkt. 1. Moreover, Satija did not file any response objecting to Evanston's assertion that he did not provide notice or arguing that the provision of notice was impracticable as defined in section 542A.003(d)(1). Tex. Ins. Code. § 542A.003(d)(1). The undersigned thus finds that Evanston was entitled to pre-suit notice and did not receive it.

---

[1] In resolving motions seeking to enforce section 542A, courts consider the evidence appended to the motion. *See, e.g.*, *Carrizales v. State Farm Lloyds*, No. 3:18-CV-0086-L, 2018 WL 1697584, at *4 (N.D. Tex. Apr. 6, 2018) (relying upon a "verified" motion); *In re Allstate Indem. Co.*, No. 14-18-00362-CV, 2018 WL 3580644, at *2 (Tex. App.—Houston [14th Dist.] July 26, 2018, no pet.) (review of notice letter and emails in the record revealed pre-suit notice was deficient). Here, the dispositive facts are uncontested as Satija did not file a response. *See J.P. Columbus Warehousing, Inc. v. United Fire & Cas. Co.*, No. 5:18-CV-00100, 2019 WL 453378, at *3 (S.D. Tex. Jan. 14, 2019), *report and recommendation adopted*, No. 5:18-CV-100, 2019 WL 450681 (S.D. Tex. Feb. 4, 2019) (recommending denial of attorney's fees where it was "undisputed that Plaintiff failed to send a pre-suit notice").

If, within 30 days of filing "an original answer in the court in which the action is pending," the defendant "pleads and proves" "that the defendant was entitled to but was not given a presuit notice ..., the court may not award to the [plaintiff] any attorney's fees incurred after the date the defendant files the pleading with the court." *Id.* § 542A.007(d); *cf. Davis v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-00075, 2018 WL 3207433, at *2 (E.D. Tex. June 29, 2018) ("The burden of proof is on the party seeking [relief under Section 542A] to establish the allegations of its motions." (citation omitted)). Because Evanston has "pleaded and proved" that it was entitled to pre-suit notice and did not receive it, Satija therefore should be precluded from recovering attorney's fees incurred after May 20, 2022, the date Evanston filed its answer. *See* Dkt. 6; *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F. Supp. 3d 534, 538 (S.D. Tex. 2021) (precluding Plaintiff from attorney's fee award after "date on which Defendant filed its pleading asserting that it was entitled to but was not given pre-suit notice.").

### III.    RECOMEMNDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Evanston's motion to strike, Dkt. 8, and bar Satija from recovering attorneys' fees incurred after May 20, 2022.

The referral of this case to the Magistrate Court should now be canceled.

### IV.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to

4

which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED July 5, 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE